UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA SANTIAGO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DIVERSIFIED CONSULTANTS, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, CASSANDRA SANTIAGO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, DIVERSIFIED CONSULTANTS, INC. ("DIVERSIFIED), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Atlantic County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. DIVERSIFIED maintains a location at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8. Upon information and belief, DIVERSIFIED uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. DIVERSIFIED is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey

consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from DIVERSIFIED concerning a debt owed to VERIZON WIRELESS, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(10); and 1692f *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to May 27, 2016, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("VERIZON").

16. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before May 27, 2016, VERIZON WIRELESS referred the VERIZON WIRELESS obligation to DIVERSIFIED for the purpose of collections.

20. At the time VERIZON WIRELESS referred the VERIZON WIRELESS obligation to DIVERSIFIED, the obligation was past due.

21. At the time VERIZON WIRELESS referred the VERIZON obligation to DIVERSIFIED, the obligation was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated May 27, 2016, which was addressed to Plaintiff. **Exhibit A.**

23. The May 27, 2016 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

24. The May 27, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the May 27, 2016 letter.

26. The May 27, 2016 letter provides the following information regarding the total balance claimed due on the VERIZON obligation:

Current Balance: $1,139.77

27. The May 27, 2016 letter also stated in part that:

> VERIZON WIRELESS has given our company the ability to resolve your account for **50% off the current balance referenced above**. (emphasis added).

28. The current balance due stated in the May 27, 2016 letter included an amount for a collection fee and/or interest.

29. The May 27, 2016 letter failed to disclose that the current balance included an amount for a collection fee and/or interest.

30. The May 27, 2016 letter failed to disclose that the current balance included an amount for a collection fee of 18%.

31. At the time that DIVERSIFIED sent the May 27, 2016 letter to Plaintiff, the principal balance was approximately $965.00.

32. All or some portion of the collection fee was included in the $$1,139.77 current balance claimed due in the May 27, 2016 letter.

33. The $1,139.77 current balance claimed due in the May 27, 2016 letter contained all or some of the collection fee.

34. Defendant knew or should have known that its actions violated the FDCPA.

35. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(c) Making a false representation of the character or amount of the debt.

37. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. Defendant's collection letters and/or notices would cause the least sophisticated to be confused as to the meaning of "current balance" and as to whether that balance consisted of fees, costs and/or interest.

41. Defendant's collection letters and/or notices would cause the least sophisticated consumer to believe that the balance claimed due consisted of only principal.

42. Defendant's letters were designed to cause the least sophisticated consumer to believe that the balance claimed due consisted of only principal.

43. The content of Defendant's letter was designed to cause the least sophisticated consumer to believe that the balance claimed due consisted of only principal.

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

45. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

46. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

47. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt.

48. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount claimed due as principal in the May 27, 2016 letter.

49. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character of the debt as entirely principal.

50. Defendants violated 15 U.S.C. § 1692e(2)(A) by representing the "current balance" as principal when in fact it contained fees, costs and/or interest.

51. Defendants violated 15 U.S.C. § 1692e(2)(B) by misrepresenting that a collection fee was lawfully due.

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. Defendants violated 15 U.S.C. § 1692e(10) by misrepresenting the amount claimed due as principal in the May 27, 2016 letter.

54. Defendants violated 15 U.S.C. § 1692e(10) by misrepresenting that a collection fee was due.

55. Defendants' attempt to collect the alleged debt by misrepresenting the nature and amount of the alleged amount due violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(10); and 1692f *et seq*.

56. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

57. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

58. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61. Plaintiff and others similarly situated were sent letters which would have affected their decision-making with regard to the debt.

62. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

   (b) Awarding Plaintiff and the Class statutory damages;

   (c) Awarding Plaintiff and the Class actual damages;

   (d) Awarding pre-judgment interest;

   (e) Awarding post-judgment interest.

   (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated: November 11, 2016

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue, Suite 100
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile
           jkj@legaljones.com

           *s/ Glen Chulsky*
           Glen Chulsky, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue, Suite 100
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 11, 2016

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

PO BOX 1391
SOUTHGATE, MI 48195-0391



*Diversified Consultants, Inc.*
**800-604-0064**
Hours of Operation:
Monday – Thursday 8AM to 11PM EST
Friday 8AM to 10PM EST
Saturday 9AM to 4PM EST

05/27/16

Cassandra Santiago

Original Creditor: VERIZON WIRELESS
Current Creditor: VERIZON WIRELESS
Agency Reference Number:
Account Number:
Current Balance: $1,139.77

*** Resolution Opportunity***

VERIZON WIRELESS has given our company the ability to resolve your account for 50% off of the current balance referenced above.

If you wish to take advantage of this opportunity, please call our office at the toll free number above. Calls to or from this company may be monitored or recorded.

We accept payment via credit card or check. We are not obligated to renew this offer.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

**Diversified Consultants, Inc.**
PO BOX 551268
JACKSONVILLE, FL 32255-1268
800-604-0064

---

Detach and Return with Payment

**To pay by credit card, please complete the information below:**

Check One: ❏ VISA ❏ MasterCard ❏ AMEX ❏ Check
Card Number:
Expiration Date: CCV#: Last 3 digits on back of card
Signature of Cardholder: _____
Cardholder Name: _____
Cardholder Billing Address:
_____
_____

Original Creditor: VERIZON WIRELESS
Current Creditor: VERIZON WIRELESS
Agency Reference Number:
Account Number:
Current Balance: $1,139.77

**Amount Due: $1,139.77**

**Amount Submitted:**

$

DIVERSIFIED CONSULTANTS, INC.
PO BOX 551268
JACKSONVILLE, FL 32255-1268